USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/04/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
UNITED STATES OF AMERICA ex rel. JOHN A. :
WOOD, et al., : 10-CV-5645 (JMF)
:
Plaintiffs, : MEMORANDUM OPINION
: AND ORDER
-v- :
:
ALLERGAN, INC., :
:
Defendant. :
:
--------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

On March 31, 2017, the Court issued a lengthy Opinion and Order largely denying Defendant Allergan, Inc.'s motion to dismiss the Third Amended Complaint in this case, which raises claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and state analogues. (Docket No. 112 ("Opinion")). The Court observed that Allergan's motion "present[ed] several issues that neither the Supreme Court nor the Second Circuit ha[d] addressed and upon which other federal courts ha[d] divided," (Opinion at 3), and identified one specific issue — the question of whether a violation of the FCA's "first-to-file" rule compels dismissal or can be cured through the filing of a new pleading — as a "strong" candidate for interlocutory appeal. (*See id.* 32 n.17; *see also* Docket No. 113 (transcript of oral argument), at 80). Perhaps not surprisingly, Allergan thereafter filed a motion seeking certification of the Court's Opinion and Order for interlocutory appeal, pursuant to Title 28, United States Code, Section 1292(b). (Docket Nos. 119-121). Relator John A. Wood opposes Allergan's motion. (Docket No. 123).

Upon review of the parties' motion papers, Allergan's motion for certification of the Court's Opinion and Order is GRANTED, substantially for the reasons stated in Allergan's memorandum of law. (Docket No. 120 ("Allergan Mem.")). First, whether a violation of the

FCA's "first-to-file" rule requires dismissal or can be "cured" through the filing of a new pleading after the earlier-filed action has been dismissed involves "a controlling question of law," as it would, at a minimum, materially affect the scope of the action and could result in its termination. *See* 28 U.S.C. § 1292(b); *see also In re Del-Val Fin. Corp. Sec. Litig.*, 874 F. Supp. 81, 83 (S.D.N.Y. 1995) ("'[C]ontrolling issue of law' encompasses issues ranging from those that, if the district court's order were reversed on appeal, would terminate an action to those that involve 'a procedural determination that may importantly affect the conduct of an action.' (quoting *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978)) (citation omitted)). Second, in light of the divide among federal courts — discussed at length in the Court's prior Opinion (*see* Opinion at 20-32) — there is plainly a "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). And finally, an immediate appeal from the order could "materially advance the ultimate termination of the litigation," *id.*, as reversal by the Second Circuit would largely (if not entirely) dispose of the case as the statute of limitations would preclude Relator from refiling the vast majority of his claims. (*See* Opinion at 21-22).

In arguing otherwise, Relator points to the Second Circuit's April 4, 2017 decision in *United States ex rel. Hayes v. Allstate Insurance Co.*, — F.3d —, 2017 WL 1228551 (2d Cir. Apr. 4, 2017), which vindicated this Court's view that the "first-to-file" rule is non-jurisdictional. (*See* Opinion at 24). But while *Hayes* does resolve (in this Circuit, at least) one of the issues addressed by this Court in its Opinion, it does not address the broader procedural question of what follows from a violation of the "first-to-file" rule — specifically, whether a violation of the rule requires dismissal or can be "cured" in the same action. The fact that the "first-to-file" rule is non-jurisdictional may well bear on that question — as this Court concluded in its Opinion (*see id.* at 25-27) — but it does not necessarily dictate an answer to it, as the decision in *United States ex rel. Shea v. Verizon Commc'ns*, 160 F. Supp. 3d 16, 28-30 (D.D.C. 2015) — by a district court in the only other Circuit to have held that the "first-to-file" rule is non-jurisdictional

— makes plain. (*See* Opinion at 30-31 (discussing *Shea*)). It is that question that, in the Court's judgment, warrants interlocutory review by the Second Circuit.

That does not end the discussion, however, as Allergan nominally seeks interlocutory review of a second question too — namely: "If a violation of the first-to-file bar is curable, whether the FCA's limitations period is measured from the date of the relator's curative pleading (i.e., an amended complaint or a complaint filed in a new action) or the original complaint." (Allergan Mem. 1). If that question were standing alone, the Court would almost certainly not certify it for interlocutory review, on the ground that Allergan fails to establish a "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b).[1] In many respects, however, the question is inextricably intertwined with the question of whether a violation of the first-to-file rule requires dismissal or can be cured. That is, both questions pertain to how a court should procedurally address a violation of the first-to-file rule. Thus, the question is arguably within scope of the first question and should be addressed with it. At a minimum, the two questions are related and, if the Circuit accepts interlocutory review of the first question, there is a strong argument for also taking the second, as it would not cause any marginal delay and could materially affect the termination of the litigation. *Cf. Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, No. 08-CV-492 (WHP), 2009 WL 5177977, at *2 (S.D.N.Y. Dec. 15, 2009) (noting that, while "interlocutory appeals are normally disfavored because they create piecemeal litigation, that dilemma is not present" where a defendant has appealed another issue as of right, reasoning that certification in such circumstances "avoid[s] piecemeal litigation by permitting the review of all consequential jurisdictional issues and

---

[1] Allergan cites *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 560-61 (E.D. Pa. 2016). That Court did hold that the applicable statute of limitations should be measured from the date of the first pleading filed after an earlier-filed related action was dismissed, but it did so with no analysis of the issue. Additionally, its action is arguably "tainted by the fact that it viewed the first-to-file rule as jurisdictional in nature." (Opinion at 39-40).

3

defenses at one time, if the Court of Appeals agrees to accept certification and consolidate the[] issues" (citation omitted)).

Accordingly, Allergan's motion to certify pursuant to Section 1292 is GRANTED. Further, as the Court sees little reason to proceed until the Second Circuit resolves whether to accept the case for interlocutory review (and, if it does, until the Circuit rules on appeal), the case is STAYED until Allergan's time to file a notice of interlocutory appeal lapses or, if it does file a notice of interlocutory appeal, until the Second Circuit either declines to grant interlocutory review or resolves the case on appeal. Allergan shall file its answer to the operative Third Amended Complaint within twenty-one days of the stay being lifted. Finally, in view of the fact that this case "has already seen its fair share of delay" (Opinion at 32 n.17), Allergan is ordered (with its consent) to both seek expedited review by the Second Circuit and to submit a stipulation to the Court tolling the statute of limitations during the pendency of the appeal. (Allergan Mem. 12 n.8). The parties shall promptly confer and, not later than **May 11, 2017**, submit a proposed tolling stipulation to the Court (or, by that date, submit a joint letter raising any disputes).

The Clerk of Court is directed to terminate Docket No. 119.

SO ORDERED.

Dated: May 4, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge